UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE MAYES,

      Plaintiff,                    CIVIL ACTION NO. 06-14889

vs.

                                        DISTRICT JUDGE PAUL D. BORMAN
                                        MAGISTRATE JUDGE DONALD A. SCHEER

HUGH WOLFENBARGER, et. al.,

      Defendants.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

<u>RECOMMENDATION</u>: Defendants' Motion for Summary Judgment should be GRANTED, as Plaintiff has failed to establish any violations of his federally secured constitutional rights.

      Plaintiff is a convicted criminal, currently incarcerated at the Newberry Correctional Facility (NCF) in Newberry, Michigan. Plaintiff sued the warden of the Macomb Correctional Facility (MRF) and eight MRF prison officials employed at the prison. In a Complaint filed on October 30, 2006, Plaintiff accuses defendants of violating his constitutional rights by retaliating against him for reporting misconduct by Food Service Leader Kevin Tasiemski. The alleged retaliation took the form of being terminated from his MRF food service job as a cook. Plaintiff sought job reinstatement with back pay as well as compensatory damages for mental anguish.

      Defendants Wolfenbarger, Bock, Green, Ignasiak, Tasiemski, Gunter, Carberry, Vansickle and Armstrong filed a Motion for Summary Judgment on February 16, 2007, asserting that Plaintiff had failed to establish any violations of his federally secured constitutional rights. Plaintiff did not file a response to Defendants' Motion for Summary

Judgment, even though he was requested to do so. For the following reasons, I recommend that Defendants' motion be GRANTED.

STANDARD OF REVIEW

When considering a Rule 12(b)(6) motion to dismiss, the trial court must accept all the allegations in the complaint as true and construe the complaint liberally in favor of the plaintiff. FED. R. CIV. P. 12(b)(6); see Miller v. Currie, 50 F.3d 373, 377 (6th Cir. 1995). "Dismissal of a complaint for the failure to state a claim upon which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Brown v. Bargery, 207 F.3d 863, 867 (6th Cir. 1997).

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56©. The moving party has the burden of showing an absence of evidence to support the non-moving party's case. Covington v. Knox County Sch. Sys., 205 F.3d 912, 914 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. Id. A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). While the evidence itself need not be the sort admissible at trial, the evidence must be more than the non-movant's own pleadings and affidavits. Ashbook v. Block, 917 F.2d 918, 921 (6th Cir. 1990); see also Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989) (explaining that the non-moving party

may not rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact).

DISCUSSION

To establish a valid claim under § 1983, a plaintiff must allege that: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of rights privileges or immunities secured by the Constitution or laws of the United States. See West v. Atkins, 487 U.S. 42, 49 (1988). Here, Defendants do not dispute that they acted under color of state law. Accordingly, I will focus on the alleged constitutional deprivations.

RETALIATION CLAIM

There are two categories of retaliation claims--general claims of retaliation and claims that allege that an individual was retaliated against for the exercise of specific constitutional rights. In Thaddeus-X v. Blatter, 175 F.3d 378 (6th Cir. 1989) the Sixth Circuit clarified the elements of each category and supplanted previous cases that had blurred the lines between the two. General claims of retaliation are brought under the Due Process Clause of the Fourteenth Amendment. To state a successful case of general retaliation, a prisoner must establish "an egregious abuse of governmental power" or behavior that "shocks the conscience." Id. at 387. In the great majority of cases, inmates are unable to survive summary judgment under this demanding standard. The rare exceptions have been in cases where, for example, a prison official issued death threats against an inmate while holding a cocked pistol at his head, or where prison officials trumped up false disciplinary charges against an inmate and then proceeded to physically abuse him and levy harsh disciplinary sanctions against him. See Cale v. Johnson, 861 F.2d 943, 950-51 (6th Cir. 1988) (citing cases).

3

The second category of retaliation claims involves allegations that state officials penalized an individual for the exercise of a specific constitutional right. In such cases, an inmate bears a lesser burden, and is only required to establish the following three elements: (1) the inmate engaged in protected conduct, (2) an adverse action was taken that would deter a person of ordinary firmness from continuing to engage in that conduct, and (3) the adverse action was motivated, at least in part, by the inmate's protected conduct. Thaddeus-X, 175 F.3d at 394-395. Plaintiff has the burden of proving all three elements.

Even if it is assumed, without deciding, that Plaintiff satisfied the first two elements listed above, he has failed to allege sufficient facts that establish the third. He must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977). He has done nothing more than simply allege retaliation without establishing a causal connection. See Thaddeus-X, 175 F.3d at 399-400.

## RETALIATION IN THE FORM OF JOB TERMINATION

Plaintiff contends that prison officials at MRF retaliated against him for filing a grievance against Defendant Tasiemski (MRF Food Service Leader) by terminating him from his prison job in food services. Plaintiff sought injunctive relief in the form of the return of his job as a cook. Any claim for injunctive relief, however, is moot in light of Plaintiff's transfer out of the MRF in February 2007. When a prisoner is no longer incarcerated in the institution where the alleged violations occurred, injunctive relief is no longer needed and therefore must be denied as moot. Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir. 1996) (noting that prisoner cannot maintain Section 1983 action for injunctive relief when he is no longer incarcerated where alleged violations occurred). Plaintiff is now incarcerated at the

Newberry Correctional Facility in Newberry, Michigan. Injunctive and declaratory relief is not available to Plaintiff for claims involving any other prison.

Even if Plaintiff had not been transferred, he still had not set forth a valid First Amendment retaliation claim against the defendants. According to the uncontested affidavits of Food Service Director Keith Green and Assistant Food Service Director Connie Ignasiak, Plaintiff was given another prison job outside of food services because he became a disruptive influence on other food preparation workers and supervisory personal at MRF (See affidavits of Green and Ignasiak, attached as Exhibits 2 and 3 to Defendants' Motion for Summary Judgment). Despite Plaintiff's contention that defendants retaliated against him for filing a prison grievance by terminating him from his employment with food services, his removal was rationally related to a legitimate penological interest in ensuring the order and security of the prison's food services operation[1]. Because Plaintiff was found to be a disruptive influence while working as a cook, in violation of prison regulations, he was not engaged in protected conduct. It is well established that no prisoner has a constitutional right to a particular job, <u>Ivey v. Wilson</u>, 832 F.2d 950, 955 (6th Cir. 1987), Plaintiff simply does not set forth a valid First Amendment retaliation claim against any of the defendants.

<u>MENTAL ANGUISH</u>

Plaintiff seeks compensatory damages due the to mental anguish he suffered as a result of the defendants' alleged retaliatory conduct. He specifically sought compensation

---

[1] See Major Misconduct Report, Hearing Investigation Report and Hearing Report, attached to affidavit of Warden Wolfenbarger as Attachment E to Defendants' Motion for Summary Judgment.

for "mental and psychological anguish and personal distress from the separation [he] endured... ."

The Prison Litigation Reform Act prohibits monetary damages solely for emotional distress.

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for mental or emotional injury suffered while in custody without a showing of physical injury.
>
> 42 U.S.C. § 1997e(e)

The Complaint alleges only emotional injuries stemming from the defendants' alleged misconduct. Since Plaintiff has not alleged any physical injuries, his claim for monetary damages is barred by § 1997e(e).

Plaintiff's allegations against supervisory officials[2] relating to his job termination are frivolous and fail to state a claim because Plaintiff is attempting to sue the these individuals under a *respondeat superior* theory of liability. "Respondeat superior or vicarious liability will not attach under § 1983." Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989). Additionally, the doctrine of immunity would dictate that no monetary damages would be recoverable against these Defendants without a more definite showing of personal involvement. Poe v. Hayden, 853 F.2d 418, 423 (6th Cir. 1988). Having neither suffered nor alleged a remediable harm, Plaintiff has failed to make out a compensable constitutional violation.

For the foregoing reasons, it is recommended that Defendants' Motion for Summary Judgment be granted and the instant case be dismissed. Given this recommendation,

---

[2]Plaintiff sued a number of supervisory personal at MRF such as Warden Wolfenbarger, former Deputy Warden Carberry, Regional Prison Administrator Bock and Corrections Unit Representatives VanSickle and Gunter.

Plaintiff's separate Renewed Motions for Appointment of Counsel (Docket #21 & #31) should be denied. Defendants' Motion for Protective Order to Seal Investigative Documents (Docket #28) should be granted. The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Borman's acceptance thereof is waived.

                                              s/Donald A. Scheer
                                              DONALD A. SCHEER
                                              UNITED STATES MAGISTRATE JUDGE

DATED: May 22, 2007

_____

## CERTIFICATE OF SERVICE

     I hereby certify on May 22, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on May 22, 2007. **Clarence Mays.**

                                              s/Michael E. Lang
                                              Deputy Clerk to
                                              Magistrate Judge Donald A. Scheer
                                              (313) 234-5217