**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CLARENCE MAYES,

   CIVIL NO. 06-CV-14889

  Plaintiff,

   PAUL D. BORMAN
-vs-   UNITED STATES DISTRICT JUDGE

HUGH WOLFENBARGER, et al.,   DONALD A. SCHEER
   UNITED STATES MAGISTRATE JUDGE

  Defendants.
_____/

**OPINION AND ORDER
(1) ACCEPTING THE MAGISTRATE JUDGE'S MAY 22, 2007 REPORT AND
RECOMMENDATION; (2) GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT; (3) DENYING PLAINTIFF'S APPLICATIONS FOR APPOINTMENT OF
COUNSEL; AND (4) GRANTING DEFENDANTS' MOTION FOR PROTECTIVE
ORDER TO SEAL INVESTIGATIVE DOCUMENTS**

  Before the Court is the Magistrate Judge's May 22, 2007 Report and Recommendation: (1) granting Defendants' Motion for Summary Judgment; (2) denying Plaintiff's Applications for Appointment of Counsel; and (3) granting Defendants' Motion for Protective Order to Seal Investigative Documents. Plaintiff, a *pro se* prisoner incarcerated at the Newberry Correctional Facility, filed Objections on June 8, 2007. Having considered the entire record, and for the reasons that follow, the Court ACCEPTS the Magistrate Judge's Report and Recommendation.

  Plaintiff appears to make the following Objections:

(1) Plaintiff was not provided access to the individuals who witnessed what transpired at the Macomb Correctional Facility's kitchen; and

(2) Plaintiff was unreasonably denied his Applications for Appointment of Counsel.

  Under Fed. R. Civ. P. 72(b), this Court reviews *de novo* portions of a magistrate judge's report and recommendation on a dispositive motion to which a party has objected. Parties

cannot raise arguments on objection or appeal that they did not bring before the magistrate judge. *Murr v. United States*, 200 F.3d 895, 901 n.1 (6th Cir. 2000).

The Court finds no merit to Plaintiff's Objections. First, Plaintiff has waived these arguments on review by failing to respond to Defendants' Motion for Summary Judgment. Defendants filed their Motion for Summary Judgment on February 15, 2007. On March 3, 2007, the Magistrate Judge ordered Plaintiff to respond to Defendants' Motion. Plaintiff failed to do so. A plaintiff cannot raise new arguments to the district court when he fails to raise them before the magistrate judge. *See Murr*, 200 F.3d at 901 n. 1.

Second, even if Plaintiff's Objections were not waived, the Court finds that neither Objection provides a basis for rejecting the Magistrate Judge's Report. The fact that Plaintiff could not secure any affidavits from fellow kitchen employees at his former correctional facility does not indict the Magistrate Judge's legal reasoning on why his civil rights claims fail. Finally, Plaintiff has not shown how his case qualifies as an "exceptional circumstance" to warrant the Court appointing him counsel. *See Lavado v. Keohane,* 992 F.2d 601, 605-06 (6th Cir. 1993) ("Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances").

The Court hereby:

(1) **ACCEPTS** the Magistrate Judge's May 22, 2007 Report and Recommendation (Doc. No. 32);

(2) **GRANTS** Defendants' Motion for Summary Judgment (Doc. No. 25);

(3) **DENIES** Plaintiff's Applications for Appointment of Counsel (Doc. Nos. 7, 21, 31); and

(4) **GRANTS** Defendants' Motion for Protective Order to Seal Investigative Documents (Doc. No. 28).

**SO ORDERED**.

        s/Paul D. Borman
        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

Dated: June 29, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on June 29, 2007.

        s/Denise Goodine
        Case Manager